**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| SHAE SHAE MUSIC, EMERGENCY MUSIC, INC., SHAPIRO BERNSTEIN & COMPANY, INC., and PERREN VIBES MUSIC, INC.<br><br>Plaintiffs,<br><br>v.<br><br>THE SALTY 4, LLC, THOMAS A. PIERMATTEO, and JOHN VARALLI<br><br>Defendants. | : | Civil Action No. |

## COMPLAINT

Plaintiffs, by their undersigned attorneys, allege:

1. Plaintiff Shae Shae Music has a principal place of business located at 2402 Park Sorrento, Suite 130, Calabasas, California 91302. Plaintiff Emergency Music, Inc. has a principal place of business located at 75 Varick Street, 9th Floor, New York, New York 10013. Plaintiff Shapiro Bernstein & Company, Inc. has a principal place of business located at 75 Varick Street, 9th Floor, New York, New York 10013. Plaintiff Perren Vibes Music, Inc. has a principal place of business located at 840 South Canal Street, Floor 4, Chicago, Illinois 60693. On information and belief, Defendant The Salty 4, LLC has a principal place of business located at 2647 Fairmount Avenue, Atlantic City, New Jersey 08401. On information and belief, Defendant Thomas A. Piermatteo, Jr. resides at 111 Braddock Lane, Woodbury, New Jersey 08096. On information and belief, Defendant John Varalli resides at 1207 South 13th Street, Philadelphia, Pennsylvania 19147. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege three (3) cases of action for copyright infringement based on endants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

**THE PARTIES**

4. The Plaintiffs named in Column 2[1] are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, defendant The Salty 4, LLC is a limited liability company organized under the laws of New Jersey.

6. At all times hereinafter mentioned The Salty 4, LLC did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Moments at Scannicchio's, located at 2647 Fairmount Avenue, Atlantic City, New Jersey 08401.

7. Musical compositions were and are publicly performed at Moments at Scannicchio's.

8. On information and belief, defendant Thomas A. Piermatteo, Jr. ("Piermatteo"), is an individual who resides and/or does business in this District.

---

[1] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

9. On information and belief, defendant John A. Varalli ("Varalli" and, together with The Salty 4, LLC and Piermatteo, the "Defendants") is an individual who resides and/or does business in this District.

10. At all times hereinafter mentioned, Piermatteo and Varalli were, and still are, owners, officers, directors, and/or members of The Salty 4, LLC.

11. At all times hereinafter mentioned, Piermatteo and Varalli were, and still are, responsible for the control, management, operation and/or maintenance of the affairs of The Salty 4, LLC.

12. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Moments at Scannicchio's, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

13. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Moments at Scannicchio's.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

14. Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than one million songwriter, composer, and music publisher members.

15. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees

associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

16. Since June 2025, ASCAP representatives have made numerous attempts to contact Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Moments at Scannicchio's. ASCAP has contacted Defendants by telephone, by mail, and by e-mail.

17. Defendants have refused all of ASCAP's license offers for Moments at Scannicchio's.

18. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Moments at Scannicchio's constitute copyright infringement of ASCAP's members' copyrights in their musical works.

19. Despite repeated reminders of their liability under the United States Copyright Law, Defendants have continued to perform publicly copyrighted musical compositions written and owned by ASCAP's members at Moments at Scannicchio's, including the copyrighted works involved in this action, without permission, during the hours the establishment is open to the public for business and presenting musical entertainment.

20. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Moments at Scannicchio's, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

21. The many unauthorized performances at Moments at Scannicchio's include the three copyrighted musical compositions upon which this action is based.

22. The original musical compositions listed in Column 3 of Schedule A were created and written by the persons named in Column 4 of Schedule A.

23. The composition named in cause of action 3 of Schedule A was registered as an unpublished composition on the date stated in Column 5 of Schedule A.

24. The compositions named in causes of action 1 and 2 of Schedule A were published on the date stated in Column 5 of Schedule A, and, since their respective dates of publication, have been printed and published in strict conformity with Title 17 of the United States Code.

25. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3 of Schedule A, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6 of Schedule A.

26. Defendants, on the dates specified in Column 7 of Schedule A, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 of Schedule A by giving public performances of the compositions at Moments at Scannicchio's, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

27. The public performances at compositions listed in Column 3 of Schedule A of Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 of Schedule A were unauthorized: neither Defendants, nor any of Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

28. In the undertaking conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

29. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

30. The said wrongful acts of Defendants have caused and are causing great injury to Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions—or any of them—and from causing or permitting the said compositions listed in Column 3 of Schedule A to be publicly performed at Moments at Scannicchio's, or in any place owned, controlled, managed, maintained, or operated by Defendants, and/or from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

Dated: October 19, 2026

Respectfully submitted,

BALLARD SPAHR LLP

By: *<u>/s/ Elizabeth Seidlin-Bernstein</u>*

Elizabeth Seidlin-Bernstein
Noah Robbins (*pro hac vice* forthcoming)
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: 215.665.8500
Fax: 215.864.8999
seidline@ballardspahr.com
robbinsn@ballardspahr.com

*Attorneys for Plaintiffs*